**ENDERS RAZOR CO., Inc., et al. v. CHRISTY CO. et al.**

**No. 7009.**

Circuit Court of Appeals, Sixth Circuit.

June 30, 1936.

195

196

Wilber Owen, of Toledo, Ohio, and E. S. Rogers, of New York City (Stern & Burnett, of St. Louis, Mo., Marshall, Melhorn, Marlar & Martin and Owen & Owen, all of Toledo, Ohio, B. L. Liberman, of St. Louis, Mo., and Donald F. Melhorn and Wilber Owen, both of Toledo, Ohio, on the brief), for appellants.

Chas. S. Grindle, of Washington, D. C. (A. V. Baumann, of Fremont, Ohio, on the brief), for appellees.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appellants severally sought to enjoin appellees from infringing their registered trade-marks and trade names, from selling or advertising for sale razors and razor blades marked with the name "Enders" or "Keen Kutter," and from engaging in alleged unfair competition, and prayed for an accounting. The District Court consolidated the cases, and after a full hearing, dismissed the bill of complaint. On March 13, 1935, the Durham-Duplex Razor Company succeeded to the business and rights of Enders Razor Company, Inc., and was made a party in this court to the appeal.

Three patents on safety razors were issued to Russ J. Christy, predecessor of appellee, The Christy Company, in 1905 and 1907. Appellant, the Simmons Hardware Company, acquired these patents, Nos. 798,129, 788,820, and 853,960, shortly after their issue, and held them until their expiration. The Simmons Company distributed a razor and blades manufactured under these patents by The Christy Company, marked with the name "Enders," and later registered this name in the form of a facsimile signature, "Wm. Enders," as a trade-mark (No. 74,158). In 1911 The Simmons Company organized as its subsidiary the Enders Razor Company, Inc., which marketed razors and blades under Christy patent No. 853,960, using the Enders name and mark.

The Simmons Company is a hardware jobber, selling a great variety of tools and implements. Since 1868 it has used as its trade-mark a peculiar wedge-shaped design carrying the words "Keen-Kutter." This trade-mark was registered in 1906 (No. 53,687) for razors and blades made under the Christy patents, and in 1916 the same trade-mark was registered for a great variety of tools (No. 114,030). When the Enders Company was organized the Simmons Company sold razors and blades manufactured only under Christy patent No. 788,820, and it was upon these razors and blades that the "Keen Kutter" trade-mark was carried. Both the Enders and Keen Kutter razors and blades were marked at first with the numbers, and later with the numbers and dates of issue of all three Christy patents.

The Christy Company had made razors and blades for the Simmons Company and the Enders Company from 1906 until 1933, with the exception of a short interval. Since 1923 appellees had manufactured razors and blades of the same type and sold them under the name "Christy." They had also manufactured similar razors, prior to the expiration of the patents, under other names, such as "Buffalo" and "Crosby."

After the two material patents (Nos. 788,820 and 853,960) expired in 1922 and 1924, respectively, the Christy Company continued to make razors and blades of the same design for the Simmons Company and the Enders Company, until about July, 1933, when these companies contracted to buy the articles from another manufacturer. At that time also the Enders Company started to put out a razor manufactured under a different patent, called the "Enders Speed" razor. The new razor was adapted to blades which would fit the old style Enders razor, while the old style Enders blades would not fit the new Enders razor. The Enders and Keen Kutter razors and blades at no time bore markings indicating that they were manufactured by

Christy until shortly before the bringing of the present suit.

The Simmons and Enders companies were the largest distributors of razors and blades made under the Christy patents, and had spent substantial sums in advertising these products. It is conceded that the profit of this business is in the sale of the blades. The Christy Company, therefore, when its largest buyers ceased to take its products, continued to manufacture razors and also manufactured the old style Enders and Keen Kutter blades and marketed them in packages labeled "Original and Genuine ENDERS [or KEEN KUTTER] BLADES Made by Christy." In the circulars inserted in the razor boxes were statements applying to both the Enders and the Keen Kutter blades, as follows: "In buying Blades for your ENDERS [or KEEN KUTTER] Razor ask for ENDERS [or KEEN KUTTER] BLADES MADE BY CHRISTY. The words 'Made by CHRISTY' and the outline of the Original and Genuine ENDERS [or KEEN KUTTER] Blade on the package, as shown above, are your assurance that you are getting the same fine quality for which ENDERS [or KEEN KUTTER] Blades have been known for over 25 years." The packages for the razors bore the statement "Original and Genuine ENDERS [or KEEN KUTTER] Razor Made by Christy." The words "Enders Blades" and "Keen Kutter Blades" at first appeared in heavy block type, larger than the accompanying words, and were the most prominent words printed on the packages, but the words "Made by Christy" have recently been enlarged. It is this method of merchandising and the using of the registered trade names by appellees that appellants seek to enjoin.

The District Court held that the case came squarely within the doctrine of Singer Mfg. Co. v. June Mfg. Co., 163 U.S. 169, 16 S.Ct. 1002, 41 L.Ed. 118. It considered that the names "Enders" and "Keen Kutter" became the generic names of razors and blades of this type, and were descriptively designative thereof, and that the appellees therefore were entitled to use the names after the expiration of the patents. It found that appellees had committed no acts of unfair competition and had not infringed the trade-marks of the Enders Company nor of the Simmons Company, and dismissed the bill.

With reference to the use of the Enders name, we think that the decision is correct. While the precise form in which the name was displayed, as discussed later, is improper, it did become descriptively designative of the articles manufactured thereunder. The emphasis placed in the advertising and circulars of the Enders Company upon the name "Enders," and its use upon the packages and in the trade literature for the most part without being accompanied by the name of the company manufacturing the articles, under the doctrine of Singer Mfg. Co. v. June Mfg. Co., supra, made the name "Enders" the generic designation of this type of razor and blade. Hence the name "Enders" may now be used by appellees in the sale of the safety razors and blades known during the life of the patents by the same name. This being the case, it is not necessary to consider the alleged policy of abandonment of the old style Enders razor and blade, arising out of the substitution of the new Enders Speed razor.

A more difficult question is presented by the use of the name "Keen Kutter." This name had been continuously used by the Simmons Company for more than thirty years before the Christy patents were issued. Apart from and prior to the registration of this name as a trade-mark it had acquired a secondary meaning whereby it had become a mark of origin. Cf. Rymer v. Anchor Stove & Range Co., 70 F. (2d) 386 (C.C.A.6). It was applied to all of the extensive line of cutlery products put out by the Simmons Company, and was used upon many articles besides razors and razor blades, including mining tools, farming tools and cutting tools of great variety. Its first application to safety razors and blades was to those made by Christy in 1907. If the name "Keen Kutter" is a generic designation of the razor and the blades, then it is also a generic designation for knives, saws, hatchets, etc. The same advertising of the name, the same emphasis has been given in its use as a trade name for all of the other products of the Simmons Company as for the razor and blades. While the Singer Case, supra, 163 U.S. 169, at page 179, 16 S.Ct. 1002, 41 L.Ed. 118, declares that the same name as a generic designation may apply to various species within the same genus, that case does not hold that the same name can be a descriptive designation for more

than one genus. The fact that the name Keen Kutter was used on other totally different products long before these patents were issued, and that an extensive good will was built up around its use, irrespective of the patents and before the razors were sold, seems to us conclusively to show that this term is not generic. One might conceivably have gone to a retail store and asked for a "Singer" during the life of the Singer patents, and immediately have been shown a sewing machine; but if he had asked for a "Keen Kutter," the salesman would be compelled to ask whether the customer wanted a knife, a saw, a razor, scissors, or some other Simmons product. This homely illustration demonstrates that as to the Keen Kutter trade name the relief prayed for should have been granted.

In addition to the circumstance that "Keen Kutter" is a trade name constituting part of a trade-mark applied to numerous articles, the name was used many years before the patents were obtained. Under these circumstances, the mark or name does not become public property upon the expiration of the patent rights especially where, as here, the patents did not contribute greatly to the value of the trademark. The advertisements of the Simmons Company allocated to the Keen Kutter branch of the trade are shown by this record to have run over $3,000,000 during the life of this trade-mark. Hence it appears that the name, and not the patent, gave its value to the article. Nims' Unfair Competition and Trade-Marks (2d Ed.), 405; Batcheller v. Thomson, 93 F. 660, 665 (C.C.A.2); President Suspender Co. v. MacWilliam, 238 F. 159, 163 (C.C.A. 2); Avenarius v. Kornely, 139 Wis. 247, 268, 121 N.W. 336; Hopkins on Trademarks (3d Ed.) 90.

Also we think that the form used by appellees in the labeling of both types of razors and blades constituted unfair competition. The statement "Original and Genuine KEEN KUTTER, (or 'END-ERS')" together with the literature on the inside of the box, created a false impression in the mind of the buyer. A close reading of appellees' labels would reveal The Christy Company as manufacturer. But this does not alter the fact that appellees attempted to palm off their goods as the old Enders and Keen Kutter articles, that is, as those put out under the original sponsorship. This is the essence of the wrong in an action for unfair competition. Samson Cordage Works v. Puritan Cordage Mills, 211 F. 603, 608, L.R.A.1915F, 1107 (C.C.A.6). Cf. O. & W. Thum Co. v. Dickinson, 245 F. 609 (C.C.A.6); Upjohn Co. v. Wm. S. Merrell Chemical Co., 269 F. 209 (C.C.A.6); Wisconsin Electric Co. v. Dumore Co., 35 F.(2d) 555 (C.C.A. 6). The record presents evidence of actual cases of confusion, several persons testifying that upon asking for Enders or Keen Kutter blades since the Simmons contract was taken away from Christy, they were given those manufactured by Christy. Appellees in fact offered in open court to withdraw the phrase "Original and Genuine" from the razor boxes and blade packages.

The decree is reversed and the case is remanded with instructions (1) to issue an injunction against the use by appellees of the words "Original and Genuine" upon razors and blades marked with the name "Enders," or upon packages containing the same, and in all advertising in connection with the marketing of these articles; (2) to issue an injunction against the use of the name "Keen Kutter" by appellee; (3) to order an accounting for damages suffered by appellant Enders Razor Company, Inc., or appellant Durham-Duplex Razor Company, or both, as their respective interests may appear, during the period that unfair competition was engaged in, and to order an accounting for damages suffered by appellant Simmons Hardware Company from the use of the name "Keen Kutter" upon the blades and razors bearing that name and manufactured by appellees.